**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**UNITED STATES OF AMERICA,**

> v.                                              **ACTION NO. 2:13cr98**

**IRFAN JAMEEL,**

> **Defendant.**

## OPINION AND ORDER

This matter comes before the court on the Defendant's Motion for Separate Trial of Counts with Memorandum of Law ("Motion"), filed November 1, 2013. The United States responded in opposition on November 13, 2013, to which the Defendant did not reply. For the reasons stated herein, the Motion is **DENIED**.

## I. Background

On July 25, 2013, a federal grand jury returned a four-count indictment, charging the Defendant with Wire Fraud Affecting a Financial Institution (Count 1); two counts of Financial Institution Fraud (Counts 2 and 3); and Use of a False Social Security Number (Count 4). Count 1 charges the Defendant with providing materially false information, including financial, employment, and other personal information, to obtain a $2.5 million loan from SunTrust Mortgage in June 2006 for the purchase of a property in Virginia Beach. Count 2 charges the Defendant with again supplying false information regarding paystubs, employment history, tax returns, and personal

qualifications, and using the Virginia Beach property as collateral, to obtain a $1 million loan in August 2006 and a $1.375 million loan in February 2007, both from Gateway Bank. Count 3 similarly charges the Defendant with supplying materially false information regarding his finances in an attempt to obtain a $46,591.66 loan in February 2006 from Naval Mid-Atlantic Federal Credit Union to purchase a 2006 Hummer H3. Finally, Count 4 charges the Defendant with providing a false social security to an accounting firm that, in May 2009, was assisting him with the preparation of his 2006, 2007, and 2008 federal income tax returns.

The Defendant argues that Count 4 should be severed, pursuant to Federal Rules of Criminal Procedure 8 and 14 because it involves "distinctly different 'acts and transactions'" from those alleged in Counts 1, 2, and 3. Mot. at 2. He claims "the jury could mutually and reciprocally infer guilt with regards to Counts 1, 2, and 3" and that "joinder of all the counts will unfairly limit his ability to present a defense." Id. at 4. The United States, providing extensive context for the charged counts, responds that they all relate to the Defendant's knowing, material misrepresentation of financial and personal information for illegal financial gain.

## II. Legal Framework

Federal Rule of Criminal Procedure 8(a) provides for the joinder of separate offenses if "the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." The United States Court of Appeals for the Fourth Circuit has interpreted this rule to require "that the joined offenses have a 'logical relationship' to one another." United States v. Cardwell, 433 F.3d 378, 385 (4th Cir. 2005) (citing United States v. Hirschfeld, 964 F.2d 318, 323 (4th Cir. 1992)). In United States v. Hawkins, the court explained that Rule 8 permits "'very broad joinder' . . . 'because the prospect of duplicating witness testimony, impaneling additional jurors, and wasting limited judicial resources suggests that related offenses should be tried in a single proceeding.'" 589 F.3d 694, 700 (4th Cir. 2009) (quoting United States v. Mackins, 315 F.3d 399, 412 (4th Cir. 2003) and United States v. Mir, 525 F.3d 351, 357 (4th Cir. 2008)). Accordingly, "joinder is the 'rule rather than the exception.'" Hawkins, 589 F.3d at 700 (quoting United States v. Armstrong, 621 F.2d 951, 954 (9th Cir. 1980)).

If offenses are properly joined as logically related or part of a common scheme or plan, severance under Federal Rule of Criminal Procedure 14 may be appropriate "only if there is a

3

serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 535, 539 (1993). A defendant moving for severance "faces an uphill battle," Mir, 525 F.3d at 357, "of demonstrating a strong showing of prejudice . . . . [I]t is not enough to simply show that joinder makes for a more difficult defense." United States v. Goldman, 750 F.2d 1221, 1225 (4th Cir. 1984) (citation omitted). With this legal framework in mind, the court considers the Defendant's argument that the conduct in Count 4 "is not of the same or similar character, not based on the same act or transactions, and not connected with or part of a common plan, as the alleged conduct in Counts 1, 2, and 3 and [that] he will suffer substantial prejudice if joinder is permitted." Mot. at 1-2.

### III. Discussion

#### A. Joinder is Appropriate Because the Counts are Logically Related

The Defendant's argument that providing a false social security number to the accounting firm preparing the Defendant's three previous years' taxes is not sufficiently linked to the wire and bank fraud counts to warrant joinder is unavailing given the United States' unrebutted theory of the case. The United States avers that the Defendant provided contradictory income information to the accounting firm to which he gave the

4

false social security number at issue in Count 4 and to SunTrust and Gateway Banks. These divergent representations as to income source and amount are at the heart of the financial institution frauds charged in Counts 2 and 3. Resp. at 8. Specifically, the Defendant did not claim to the accounting firm preparing his 2006 tax returns that he received any income from Biocer, a firm which he held out to the financial institutions as paying him a substantial monthly salary in 2006. Id. at 3-5. Rather, he claimed that a different company, Reenergy Atlantic based in Calgary, Alberta, paid him $53,987,472.00 in 2006. Id. at 5. This discrepancy is fundamental to the allegations in Counts 1, 2, and 3 regarding the Defendant's false representations to the financial institutions, and belies his claim that "the only apparent link between Count 4 and the other Counts [is the Defendant]." Mot. at 3.

Moreover, the alleged false representations of occupational and financial information to SunTrust, Gateway, and the credit union are of the same nature as the Defendant's misrepresentations to the accounting firm, as alleged in Count 4. These fabrications, under the United States' theory, all served the purpose of the Defendant's financial aggrandizement, which came at considerable loss, approximately $4 million, to the financial institutions involved. Thus, although the conduct in Count 4 occurred a few years after that alleged in Counts 1,

5

2, and 3, it is logically related to--indeed, intertwined with--
the conduct it issue in the other counts. See Cardwell, 433 F.3d
at 385.

Additionally, the United States makes a compelling argument
that the evidence of the Defendant's conduct and the nature of
his communications with the accounting firm, as alleged in Count
4, would be admissible as relevant and probative of essential
elements of Counts 1, 2, and 3. Resp. at 9-10. Although it is
premature at this juncture for the court to determine the
admissibility of certain evidence, this argument further
illustrates that joinder of the counts is appropriate.

**B. The Defendant Failed to Make a Strong Showing of Prejudice**

Severance of Count 4 and a separate trial on that count is
further unwarranted because the Defendant has failed to show
that he will be prejudiced by a trial of the counts together.
Especially given the strong countervailing reasons for a single
trial to dispose of all four related counts, the Defendant's
speculative and summary claims that the jury may infer guilt or
may not appropriately assess the evidence against him ring
hollow. Mot. at 4; see also United States v. Reavis, 48 F.3d
763, 767 (4th Cir. 1995) ("The party moving for severance must
establish that actual prejudice would result . . . and not
merely that 'a separate trial would offer [ ] a better chance of
acquittal.'")(quoting United States v. Spitler, 800 F.3d 1267,

6

1271 (4th Cir. 1986)). Moreover, a limiting instruction regarding individual consideration of each count may be utilized to mitigate any possibility of prejudice. See United States v. Jamar, 561 F.3d 1103, 1108 (4th Cir. 1977).

Additionally, that the Defendant vaguely states that he may wish to testify only with regard to one count and not another is not sufficient justification for severance of these logically related counts, given the duplication of witness testimony and substantial loss of judicial economy it would entail. See Jamar, 561 F.3d at 1108 n.9 (holding that "a particularized showing must be made concerning the testimony the defendant wishes to give and his reasons for remaining silent on the joined counts, so that the court can make an independent evaluation of whether the defendant will be prejudiced to an extent that outweighs the interests favoring joinder."). First, the Defendant has not offered any specific testimony for the court to evaluate. If the Defendant wishes to submit the proffered testimony, under seal for in camera review, the court may reevaluate this prejudice prong, and a ruling made at that juncture. Furthermore, if the Defendant were to choose to testify, the court would limit cross-examination to the scope of the testimony given on direct examination, and, if requested, give a simultaneous instruction on the Defendant's rights regarding testimony and the limits thereof on cross-examination by the court. Finally, as noted

above, the court will instruct the jury that each count, and the evidence pertaining to it, is a separate charge to be separately considered, and, further, that the jury's verdict as to one count does not control the verdict on any other count. Moreover, the jury will be given a form of verdict that sets forth each count for separate consideration.

### IV. Conclusion

In sum, as Count 4 is logically related to Counts 1, 2, and 3, and the Defendant has not demonstrated prejudice at this juncture that will result from a single trial of the charged offenses, severance is both unnecessary and inappropriate. Accordingly, the Defendant's Motion is **DENIED**. The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to the Defendant and to the United States Attorney at Norfolk.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

December 10, 2013