IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>IRFAN JAMEEL, )<br>)<br>Defendant. ) | Criminal No. 2:13cr98 |

### MOTION TO WITHDRAW

COMES NOW defendant's counsel, Richard J. Colgan and Rodolfo Cejas, Assistant Federal Public Defenders, and move this Honorable Court for leave to withdraw as defendant's counsel in the above captioned case. In support of this motion, counsel submits the below memorandum.

### Law and Argument

Defendant Irfan Jameel is charged with wire fraud (Count 1), financial institution fraud (Counts 2 and 3) and use of a false social security number (Count 4). The defendant has entered not guilty pleas and trial is scheduled for January 28, 2014. On January 14, 2014, undersigned spoke with defendant. Based on this conversation, it is counsel's belief that defendant no longer has confidence in counsel's ability or desire to adequately represent him. It appears to counsel that the relationship of trust and confidence between Mr. Jameel and counsel, essential for the effective assistance of counsel at trial, has completely broken down. Counsel's belief was confirmed on January 15, 2014, when defendant informed counsel, in person, of his desire to terminate the attorney client relationship. The defendant has indicated he hopes to have other counsel appointed. Counsel has determined that his motion is appropriate under Rule 1.16 of

the Virginia Rules of Professional Conduct.  Counsel has explained to the defendant the implications of the filing of this motion and the procedures governing the motion and any hearing thereon.

There are three factors this Court must consider when determining whether to grant defense counsel's motion to withdraw: 1)  the timeliness of the motion; 2)  the Court must engage in an "adequate inquiry" into the defendant's complaint; and 3)  whether the attorney/client conflict is so great as to result in a total lack of communication preventing an adequate defense.  See United States v. Mullen, 32 F.3d 891, 895 (4th Cir. 1994).

Counsel for defendant recognizes that his motion comes somewhat late in the trial schedule.  However, the matter has been set outside of the speedy trial deadline due to the case's complexity and Dr. Jameel has waived his right to a speedy trial.   Counsel's request has been filed as soon as practicable  after the meeting which took place on January 15, 2014 at which the attorney-client relationship finally broke down, and the same day as Dr. Jameel communicated his  wishes to terminate the relationship.  Finally, the case has not been previously continued and there have been no previous requests of this nature whatsoever.

In the Mullen case previously cited, the court discussed the considerations involved in ruling on motions to withdraw and contrasted the case with cases involving defendants who attempted to manipulate or abuse the right to counsel, stating as follows:

> Most such cases involve a motion for substitution made shortly before or during trial, multiple substitutions, or both ....  The government has not pointed us to any case where an appellate court upheld a trial court's denial of a defendant's timely request for his or her first substitution and appointment of counsel.

Mullen, 32 F.3d at 897-898.  In its footnoted reference, the court cited examples of

cases in which defendant's did attempt to manipulate or abuse the right to counsel:

> The cases cited by the government are representative of the typical case when substitution of counsel is denied. *E.g., Hanley, supra* (defendant, who had already received three continuances and four appointed lawyers, tried to force his fourth lawyer to quit one week before trial); *Gallop, supra* (five days before trial defendant sought to replace his second appointed lawyer); *United States v. Harris,* 2 F.3d 1452 (7th Cir.) (defendant, who was on his third appointed lawyer and fourth overall, discharged his fourth lawyer on the morning of trial; court held that defendant was not denied his right to counsel by having to proceed *pro se* ), *cert. denied,* 510 U.S. 982, 114 S.Ct. 481, 126 L.Ed.2d 432 (1993); *United States v. Pina,* 844 F.2d 1 (1st Cir.1988) (on sixteenth day of trial, *pro se* defendant sought an appointed lawyer, but he would not accept one from the federal public defender's office); *United States v. Hillsberg,* 812 F.2d 328 (7th Cir.) (defendant moved for a substitution at the beginning of the trial), *cert. denied,* 481 U.S. 1041, 107 S.Ct. 1981, 95 L.Ed.2d 821 (1987); *United States v. Moore,* 706 F.2d 538 (5th Cir.) (defendant, who was on his fourth appointed lawyer, moved four days before trial for a new appointed lawyer), *cert. denied,* 464 U.S. 859, 104 S.Ct. 183, 78 L.Ed.2d 163 (1983); *United States v. Davis,* 604 F.2d 474 (7th Cir.1979) (on the morning of trial, defendant, who had gone through one privately retained lawyer and three appointed lawyers, dismissed his lawyer and asked for the appointment of one particular lawyer).

<u>Mullen</u> 32 F.3d at 897 -898 n.3.

The defendant is in on bond. There has been no previous request for new counsel. Counsel has phoned each of the Assistant United States Attorneys assigned to the case, but has not heard back from them as to their position on the matter. Counsel requests that the Court exercise its discretion by directing an early response from the United States and granting this motion and ordering the withdrawal of counsel and the Office of the Federal Public Defender.

Respectfully submitted,

IRFAN JAMEEL

By_____/s/_____
Richard J. Colgan, Esquire
VSB No.: 19635
Attorney for IRFAN JAMEEL
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Phone:757-457-0800
Fax: 757-457-0880
richard_colgan@fd.org


By_____/s/_____

Rodolfo Cejas II, Esquire
Virginia Bar No.: 27996
Attorney for Irfan M. Jameel
Office of the Federal Public Defende
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Ph.:757-457-0800
Fax: 757-457-0880
Rodolfo_cejas@fd.org

## CERTIFICATE OF SERVICE

I certify that on this 15th day of January, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification (NEF) to:

| | |
|---|---|
| Robert J. Krask | V. Kathleen Dougherty |
| Assistant United States Attorney | Assistant United States Attorney |
| Office of the United States Attorney | Office of the United States Attorney |
| 101 W. Main Street, Suite 8000 | 101 W. Main Street, Suite 8000 |
| Norfolk, Virginia 23510 | Norfolk, Virginia 23510 |
| 757-441-6331 (phone) | 757-441-6331 (phone) |
| 757-441-6689 | 757-441-6689 |
| bob.krask@usdoj.gov | V.kathleen.dougherty@usdoj.gov |

\_\_\_\_/s/_____
Richard J. Colgan, Esquire
VSB No.: 19635
Attorney for Defendant IRFAN JAMEEL
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Phone:757-457-0800
Fax: 757-457-0880
richard_colgan@fd.org


By_____/s/_____
Rodolfo Cejas II, Esquire
Virginia Bar No.: 27996
Attorney for Irfan M. Jameel
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Ph.:757-457-0800
Fax: 757-457-0880
Rodolfo_cejas@fd.org