UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STATES OF AMERICA,**

    v.                                           ACTION NO. 2:13cr98

**IRFAN JAMEEL,**

    **Defendant.**

## OPINION AND ORDER

This matter comes before the court on the Defendant's pro se Notice of Appeal, filed February 4, 2014. The Order that the Defendant is attempting to appeal addresses a Motion to Withdraw, filed on January 15, 2014, by Mr. Richard Colgan and Mr. Rodolfo Cejas of the Federal Public Defender's Office. The court held a hearing on the Motion to Withdraw on January 23, 2013. After a full inquiry under United States v. Mullen, 32 F.3d 891 (4th Cir. 1994), during which the Defendant testified under oath regarding his reasons for his desire for new counsel and the extent of the breakdown of the attorney-client relationship, the court granted the Motion to Withdraw, and allowed the Defendant, at his request, to retain counsel on or before February 5, 2014, or the court would appoint counsel. The details of this ruling from the bench were repeated in an Order filed on January 24, 2014, ECF No. 68, from which the Defendant now appeals.

Despite having received everything he asked for in the Motion to Withdraw and at the hearing on January 23, 2014, the Defendant filed a Notice of Appeal of the court's Order of January 24, 2014. In the Notice of Appeal, the Defendant also indicated his intention to file an "Omnibus Motion," and attached a summary of this future motion consisting of a litany of requests unrelated to the court's Order of January 24, 2014.

"Finality as a condition of review is an historic characteristic of federal appellate procedure." <u>Cobbledick v. United States</u>, 309 U.S. 323, 324 (1940). Title 28 U.S.C. § 1291 states that "[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ." This "final judgment rule" requires "that a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits." <u>Flanagan v. United States</u>, 465 U.S. 259, 263 (1984) (quoting <u>Firestone Tire & Rubber Co. v. Risjord</u>, 449 U.S. 368, 374 (1981)).

> The final judgment rule serves several important interests. It helps preserve the respect due trial judges by minimizing appellate-court interference with the numerous decisions they must make in the pre-judgment stages of litigation. <u>It reduces the ability of litigants to harass opponents and to clog the courts through a succession of costly and time-consuming appeals. It is crucial to the efficient administration of justice.</u> For these reasons, "[t]his Court has long held that the policy of Congress embodied in [section 1291] is inimical to piecemeal

2

> appellate review of trial court decisions which do not terminate the litigation . . . ."

Flanagan, 465 U.S. at 263-64 (citations omitted) (emphasis added). "[T]his policy is at its strongest in the field of criminal law." Flanagan, 465 U.S. at 264 (quoting United States v. Hollywood Motor Car Co., 458 U.S. 263, 265 (1982)). Indeed, "[i]n a criminal case the rule prohibits appellate review until conviction and imposition of sentence." Flanagan, 465 U.S. at 263 (citing Berman v. United States, 302 U.S. 211, 212 (1937)).

The only exception to this general rule is the collateral order doctrine. Flanagan, 465 U.S. at 265. This doctrine is applied with "the utmost strictness in criminal cases," and requires three conditions for an order to be appealable: "[f]irst, it 'must conclusively determine the disputed question'; second, it must 'resolve an important issue completely separate from the merits of the action'; third, it must 'be effectively unreviewable on appeal from a final judgment.'" Id. (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978)). Importantly, the third prong of the exception is met when going to trial would, in itself, violate the rights asserted by the defendant. See United States v. Blackwell, 900 F.2d 742, 747 (4th Cir. 1990) ("Unlike double jeopardy and denial of bond, the very act of going to trial in this case will not violate the right the appellants assert.").

3

The court's order of January 24, 2014, is not appealable. The Order does not meet the requirements of 28 U.S.C. § 1291 and the final judgment rule because there has been no conviction or imposition of a sentence. See Berman, 302 U.S. at 212. As an apparent delay tactic to avoid trial, the Notice of Appeal is contrary to the "efficient administration of justice" that the final judgment rule is designed to protect. See Flanagan, 465 U.S. at 264. Additionally, the Order is not appealable under the collateral order exception. Aside from the obvious reason that the Order granted the Defendant the relief he was seeking, making a denial of his rights logically impossible, the issue of whether attorneys should be allowed to withdraw is one that can be effectively appealed from a final judgment. See, e.g., United States v. Boone, 26 F. App'x 162, 164 (4th Cir. 2001) (considering fully a defendant's argument that denial of his counsel's motion to withdraw violated his Sixth Amendment right to counsel).

As for the Defendant's proposed "Omnibus Motion," none of the motions listed on his attachment to his Notice of Appeal have been considered by the court, and without an order from the court, there is nothing to appeal. Moreover, such motions would not be appealable at this stage in the litigation because there has been no final judgment. See Berman, 302 U.S. at 212.

For the aforementioned reasons, the court's Order of January 24, 2014, is not appealable, and this court still has jurisdiction in this case. Even if the collateral order doctrine applied, this court would maintain jurisdiction. See, e.g., United States v. Bodkins, No. 4:04cr70083, 2005 WL 2044952, at *4 (W.D. Va. Aug. 23, 2005) (noting that under the rule of dual jurisdiction, "the district court may proceed to trial while a defendant pursues an interlocutory appeal if the district court has concluded that the appeal is frivolous.").

Accordingly, the court's Order of January 24, 2014, remains in effect. The Defendant has made no indication that he has retained counsel, and he is **ADVISED** that if he has not retained counsel by February 5, 2014, the court will appoint counsel pursuant to its Order of January 24, 2014.

The Clerk is **DIRECTED** to forward a copy of this Order to the Defendant and the United States Attorney at Norfolk.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

February 4, 2014