UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,

v.  CRIMINAL NO. 2:13cr98

IRFAN M. JAMEEL,

Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Irfan Jameel's ("Defendant") Motion for New Trial ("Motion"). Doc. 142. For the following reasons, Defendant's Motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On July 25, 2013, Defendant Irfan M. Jameel was named in a four-count Indictment, charging him with Wire Fraud Affecting a Financial Institution, in violation of 18 U.S.C. § 1343, Count; Financial Institution Fraud, in violation of 18 U.S.C. § 1344, Counts 2–3; and Use of a False Social Security Number, in violation of 42 U.S.C. § 408(a)(7)(B), Count 4. Doc. 15. Proposed jury instructions were submitted by the United States of America ("Government") on December 18, 2013, April 7, 2014, and May 15, 2014. Docs. 54, 87 & 99–100. Proposed jury instructions were submitted by Defendant on January 21, 2014 and May 23, 2014. Docs. 87 & 110. The Court reviewed the parties' proposed instructions and heard objections to them on June 11, 2014. Doc. 134.

Defendant was found guilty of all four counts on June 12, 2014. Doc. 137. Defendant filed the instant Motion on June 26, 2014. Doc. 142. The Government filed its Response on July

1

7, 2014. Doc. 146. Defendant filed his Reply to the Government's Response on July 14, 2014. Doc. 147.

## II. LEGAL STANDARDS

Federal Rule of Criminal Procedure Rule 33 provides that a "court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The power to grant a new trial in the "interest of justice" should be used "where it is demonstrated that the fundamental fairness or integrity of the trial result is substantially in doubt." United States v. Jennings, 438 F. Supp. 2d 637, 642 (E.D. Va. 2006). "The power to grant a new trial should be used sparingly," United States v. Fultz, 4:13cr26, 2014 WL 1870785, at *3 (E.D. Va. May 9, 2014), but always balanced against the "strong interest in ensuring that convictions are not allowed to stand if infected by, or based on, an incorrect application of the governing law." Jennings, 438 F. Supp. 2d at 642.

A party challenging a jury instruction faces "a heavy burden." Noel v. Artson, 641 F.3d 580, 586 (4th Cir. 2011). A district court will be reversed for declining to give a proposed jury instruction only when the requested instruction "(1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired that party's ability to make its case." United States v. Kivanc, 714 F.3d 782, 794 (4th Cir. 2013) (quoting Noel, 641 F.3d at 586). Jury instructions are adequate if "the jury charge, construed as a whole, adequately states the controlling legal principle without misleading or confusing the jury." Chaudhry v. Gallerizzo, 174 F.3d 394, 408 (4th Cir. 1999). Although it can be easy "to pick at words, phrases, and sentences in a charge, [] that overlooks the fact that the charge in its totality was what the jury heard." Noel, 641 F.3d at 586.

## III. ANALYSIS

Defendant asserts two principal errors by this Court in denying specific jury instructions. First, Defendant states that he should be given a new trial because the Court refused to instruct the jury that the government needed to prove Defendant acted not only knowingly, but also willfully. Doc. 143 at 4 (crimes include in their "essential elements that a defendant acted willfully"). Second, Defendant finds prejudicial error sufficient to require a new trial in the Court's refusal to instruct the jury that one who acts "carelessly" has not acted "knowingly." Id. at 5 ("without the proffered instruction, the jury could erroneously conclude that the Government had met its burden of proving guilt . . . despite finding carelessness").

### A. Failure to Include "Willfully" as a Mens Rea Requirement

Defendant relies on the specific language of United States v. Bivens, 104 F. Appx. 892, 902 (4th Cir. 2004), and United States v. Mason, 928 F.2d 400 (4th Cir. 1991), a pair of unpublished cases, to make his claim that he is entitled to a new trial based on the Court's refusal to include "willfully" alongside "knowingly" in its jury charge. Doc. 143 at 4–5. He argues that this exclusion fatally undermined his defense that he did not "willfully act with an intent to defraud." Id. at 4. Defendant's Motion attacks his conviction on these grounds for Count One, regarding wire fraud under 18 U.S.C. § 1343, and Counts Two and Three, which regard bank fraud under 18 U.S.C. § 1344. The Court will consider Defendants arguments surrounding these two charges independently.

Dealing first with the bank fraud instruction, the Court sees no merit in Defendant's argument. The language of the bank fraud statute itself, 18 U.S.C. § 1344, uses the same language employed by the Court. Specifically, that language is that a defendant is to be found guilty when he "knowingly executes" a fraudulent scheme. See id. Additionally, the

3

Government points to two cases in its Response that strongly support the conclusion that the Court was well within its broad discretionary power over jury instructions to deny Defendant his proposed inclusion of a "willfully" standard on the bank fraud charges. Doc. 146 at 5–6 (citing Loughrin v. United States, 134 S.Ct. 2384. 2388–89 (2014); United States v. Brandon, 298 F.3d 307, 311 (4th Cir. 2002)). Accordingly, the Court **REJECTS** Defendant's first argument as it applies to the bank fraud counts.

Next, Defendant asserts the same error regarding wire fraud. Here, the statute itself uses neither "knowing" or "willfully," see 18 U.S.C. § 1343, and so the Court must look to controlling case precedent. The Government cites United States v. Wynn, 684 F.3d 473, (4th Cir. 2012), a case where the Fourth Circuit approved a jury instruction in a wire fraud trial that included "knowingly" but not "willfully." See id. at 478. In his Reply, Defendant provides two published cases from the Fourth Circuit that do include "willfully" in wire fraud cases. Doc. 147 at 2 (citing United States v. Mehta, 594 F.3d 277, 280 (4th Cir. 2010); United States v. Curry, 461 F.3d 452, 457 (4th Cir. 2006)).

The Court recognizes a legitimate split on this issue between the three cases discussed above. The result of such a split is not what Defendant asserts, however. Instead, the necessary conclusion is that the Fourth Circuit has determined, either intentionally or implicitly, that the decision of whether to include "willfully" in a wire fraud instruction falls within the discretion of the trial court. Accordingly, the Court **FINDS** that its refusal to include "willfully" in the wire fraud instruction was at worst harmless error, and was much more likely a permissible exercise of judicial discretion.

## B. Failure to Include "Carelessness" in Definition of "Knowingly"

Finally, Defendant asserts that he should be given a new trial because the Court refused to accept an instruction including the word "carelessness" as one of the specific states of mind which could prohibit him from having acted "knowingly." Doc. 143 at 4. He argues that the evidence at trial supported a finding of his actions being careless, and as a result he was unduly prejudiced by the Court's exclusion of that word from the jury charge. Doc. 147 at 1–2. In doing so, Defendant quotes Fourth Circuit precedent stating "that a district court's charge to the jury must be 'sufficiently precise to instruct the jury in the defendant's theory of defense." United States v. Miller, 658 F.2d 235, 237 (4th Cir. 1981) (quoting United States v. Mitchell, 495 F.2d 285, 288 (4th Cir. 1977)).

The instruction actually given to the jury on this issue was: "The term 'knowingly,' as used in these instructions to describe the alleged state of mind of the Defendant, means that he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident." Doc. 99 at Jury Instruction No. 18; see also 1A Kevin F. O'Malley et al., Federal Jury Practice and Instructions § 17:04 (6th ed. 2013) (citing United States v. Lawson, 780 F.2d 535, 542 (6th Cir. 1985) (upholding similar instruction)).

The Court does not agree with Defendant that he suffered any prejudice from the Court's refusal to include "carelessness" in the above instruction or that the jury was likely to be misled or confused. See Chaudhry, 174 F.3d at 408. Despite Defendant's contentions to the contrary, his defense that he subjectively believed "that he was accurately representing his income," Doc. 143 at 4, could just as effectively be presented to the jury under the guise of "ignorance, mistake, or accident" as it could under "carelessness." Saying otherwise amounts to picking "at words,

phrases, and sentences" and "overlook[ing] the fact that the charge in its totality was what the jury heard." See Noel, 641 F.3d at 586. Accordingly, the Court **FINDS** that Defendant is not entitled to a new trial on this ground because the Court's instruction was "sufficiently precise" to address Defendant's defense. See Miller, 658 F.2d at 237.

## IV.    CONCLUSION

For the reasons stated above, the Court **FINDS** that Defendant has failed to meet his "heavy burden," see Noel, 641 F.3d at 586, to "demonstrate[] that the fundamental fairness or integrity of the trial result is substantially in doubt." See Jennings, 438 F. Supp. 2d at 642. Defendant's proposed instructions were "substantially covered by the [C]ourt's charge to the jury," and the refusal to give those instructions did not "seriously impair[]" his case. See Kivanc, 714 F.3d at 794. Therefore, Defendant's Motion for New Trial, Doc. 142, is hereby **DENIED**.

The Clerk is **REQUESTED** to mail a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
September ___, 2014

6