**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**UNITED STATES OF AMERICA,**

    v.                                      **Criminal Action No. 2:13cr98**

**IRFAN M. JAMEEL,**

            **Defendant.**

## OPINION AND ORDER

This matter is before the Court upon the Government's Motion for Preliminary Forfeiture of Property ("Motion"). Doc. 144. The Court held a hearing on this Motion on October, 6, 2014, and based upon the evidence at trial and the arguments of counsel, the Court ruled from the bench **GRANTING** the Motion. Doc. 156. For the reasons explained in this Order, Defendant 1) is not entitled to a specific property forfeiture; 2) does not have the right to insist that a jury determine the amount of loss; and 3) is subject to a money judgment of $3,927,591.66.

### I.    FACTUAL & PROCEDURAL HISTORY[1]

On July 25, 2013, Irfan M. Jameel ("Defendant") was named in four-count Indictment, charging him with Wire Fraud Affecting a Financial Institution, in violation of 18 U.S.C. § 1343, Count 1; Financial Institution Fraud, in violation of 18 U.S.C. § 1344, Counts 2–3; and Use of a False Social Security Number, in violation of 42 U.S.C. § 408(a)(7)(B), Count 4. Doc. 15. In accordance with Federal Rule of Criminal Procedure 32.2(a), the Indictment contained a forfeiture allegation notifying the Defendant that upon conviction of the offenses charged in Counts 1 through 3 of the Indictment, he shall forfeit "any property, real or personal, from

---

[1] The Court cautions that the facts recited here are expressed for the limited purpose of deciding the instant motion. These recitations are not factual findings upon which the parties may rely for any other issue in this proceeding.

proceeds obtained directly or indirectly, as a result of or traceable to, such violations," pursuant to 18 U.S.C. § 982(a)(2)(A) and 18 U.S.C. § 981(a)(1)(C) as incorporated by 28 U.S.C. § 2461(c). See Fed. R. Crim. P. 32.2(a).

Prior to the beginning of the jury trial, Defendant filed a motion requesting bifurcation of the counts and forfeiture, and requested that the jury be retained in order to determine forfeiture. Doc. 103. After holding a hearing, the Court denied the motion from the bench. Doc. 112. The jury trial began on June 2, 2014, and Defendant was found guilty of all four counts on June 12, 2014. Doc. 137. Subsequently and in accordance with Federal Rule of Criminal Procedure 32.2(b)(2), the Government submitted the instant Motion on July 1, 2014. Doc. 144. On July 17, 2014, Defendant responded in opposition and requested a hearing. Doc. 148. The Government completed briefing on the Motion when it filed its (corrected) reply on July 23, 2014. Doc. 150. The Court held a hearing on the instant Motion on October 6, 2014. Doc. 156.

## II.    LEGAL STANDARD

Pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, the Court must, as soon as practicable after a guilty verdict, determine what property is subject to forfeiture. Fed. R. Crim. P. 32.2(b)(1)(A). "Forfeiture is calculated on the basis of the total proceeds of a crime." United States v. Blackman, 746 F.3d 137, 143 (4th Cir. 2014). If the Government seeks a monetary judgment, the court must determine how much the defendant is required to pay. Fed. R. Crim. P. 32.2(b)(1)(A). The Government must show that a nexus exists between the property to be seized and the offense of conviction. United States v. Bailey, 926 F. Supp. 2d 739, 761 (W.D.N.C. 2013). However, where the proceeds of the offense are no longer traceable or available, a personal monetary judgment is appropriate. Blackman, 746 F.3d at 145.

2

The Court's ruling may be based on any evidence already in the record or any additional "relevant and reliable" evidence submitted by the parties. Id.; see, e.g., United States v. Farkas, 474 Fed. Appx. 349, 360 (4th Cir. 2012). The elements of forfeiture need only be proved by a preponderance of the evidence, United States v. Cherry, 330 F.3d 658, 669 (4th Cir. 2003); United States v. Tanner, 61 F.3d 231, 233–34 (4th Cir. 1995), and the Government is entitled to rely on circumstantial evidence in meeting its burden, United States v. Patel, 949 F. Supp. 2d 642, 648 (W.D. Va. 2013) (citing United States v. Herder, 594 F.3d 352, 364 (4th Cir. 2010)).

### III.  DISCUSSION

Defendant urges this Court to deny the Government's Motion. Defendant contends that a forfeiture money judgment is not appropriate because the specific property that constitutes the proceeds of the offense, (the Richardson Road property and the Hummer), is still available to be forfeited. Defendant further argues that money judgment "can only be executed against assets that constitute or are derived from proceeds of the offenses." Doc. 148 at 3. However, Defendant's position is incorrect, and misstates the law.

The test for when a court must enter a money judgment is based on whether the proceeds of the crime are available to the government to forfeit. See Blackman, 746 F.3d at 145 (stating that forfeiture money judgment is required "where physical assets derived from the [crime] are no longer traceable or available"). The purpose of a forfeiture money judgment is to impose liability in the amount of the proceeds. See id. at 144 ("Forfeiture is calculated on the basis of the total proceeds of a crime, not the percentage of those proceeds remaining in the defendant's possession at the time of the sentencing hearing."). Thus, unlike with specific property forfeiture, the Government is not required to directly trace the subject of forfeiture back to the crime itself, or prove that the property "has been transferred or sold to, or deposited with, a third

3

party" or "has been substantially diminished in value" so that it can seek substitute assets under 21 U.S.C. § 853(p). If the Government proves "that there was at one point an amount of cash that was directly traceable to the offenses, and that thus would be forfeitable under 18 U.S.C. § 982(a), that is sufficient for a court to issue a money judgment, for which the defendant will be fully liable whether or not he still has the original corpus of tainted funds—indeed, whether or not he has any funds at all." United States v. Misla-Aldarondo, 478 F.3d 52, 73–74 (1st Cir. 2007).

The Government contends that the "proceeds" of the crime are no longer available as Defendant pledged the real property, which has been subdivided into five separate parcels, as collateral for loans. By executing promissory notes and deeds of trust on the Richardson Road property, the Government argues that Defendant divested himself of his interest in the properties, given that a trustee now holds title to the property for the benefit of the secured creditors. The evidence showed that there is negative equity in the Richardson Road property of at least $1,163,524.42. If this Court was to accept Defendant's argument, it would essentially deny the Government the right to recover any value at all since the Defendant's right to the direct proceeds is drowning in negative equity. Therefore, the direct proceeds are no longer available, and the Government has the right to request a forfeiture money judgment.

Next, the Defendant has no right to have a jury determine forfeiture since the Government is not seeking specific property forfeiture. Federal Rule of Criminal Procedure 32.2 directs the district court to ascertain if either party wants the jury retained "to determine the forfeitability of specific property if it returns a guilty verdict." Fed. R. Crim. P. 32.2(b)(5) (emphasis added). However, Rule 32.2(b)(1)(A) makes clear that it is the trial court's duty to "determine the amount of money that the defendant will be ordered to pay" when the

4

Government seeks only "a personal money judgment." See United States v. Curbelo, 726 F.3d 1260, 1277–78 (11th Cir. 2013) (the right to a jury under Rule 32.2(b)(5) applies only to specific property, not to the amount of a money judgment); United States v. Phillips, 704 F.3d 754, 771 (9th Cir. 2012) (there is no statutory right to a jury under Rule 32.2(b)(5) when the government is seeking only a money judgment).   Accordingly, Defendant is not entitled to a jury determination of his forfeiture money judgment.

Lastly, despite Defendant's arguments to the contrary, the dollar amount of the forfeiture money judgment the Government is seeking has been established by a preponderance of the evidence.  Over the course of the nine-day trial, the Government presented testimony of over thirty-seven witnesses, including employees from SunTrust Mortgage, SunTrust Bank, Gateway Bank, and Naval Mid-Atlantic Federal Credit Union (NMAFCU).  These witnesses established that: (1) SunTrust Mortgage loaned, and Defendant received, gross proceeds of $2,506,000 to purchase the Richardson Road property, Defendant's residence, as charged in Count 1 of the Indictment;[2] (2) Gateway Bank loaned, and Defendant received, gross proceeds of $1,375,000 in a line of credit against the Richardson Road property, as charged in Count 2 of the Indictment;[3] (3) That NMAFCU loaned, and Defendant received, gross proceeds of $46,591.66 in conjunction with a loan to buy a new Hummer H3, as charged in Count 3 of the Indictment.[4]  Altogether, the sum of these three items, as proved at trial and shown at the hearing, totals $3,927,591.66.

The proceeds of a fraudulently obtained loan for the purpose of determining a forfeiture money judgment amount, is equal the original principal of the loan or loans in question.  The total judgment awarded is irrespective of whether the defendant personally profited from the use

---

[2] See Testimony of Teresa Jackson, Susan Douglas, and Mark Baumgartner; GX B-30 (June 26, 2006 Settlement Statement).

[3] See Testimony of William "Trey" Dudley, Edward Campbell, James "Frank" Horne, and Mark Baumgartner; GX C-24 (Feb. 2, 2007 Settlement Statement).

[4] See Testimony of Linda Benedict; GX D-7 (Loan Proceeds Check).

of the loan proceeds or whether the bank has since recovered any portion of the principal. United States v. Boulware, 384 F.3d 794, 813 (9th Cir. 2004) (nothing in the text of the forfeiture statute, § 982(a)(2), entitles defendant to set-off for loan proceeds repaid). Forfeiture is not the same thing as restitution, and is based upon the amount illicitly taken, not the amount necessary to make the victim whole. See Blackman, 746 F.3d at 143 (stating that "restitution functions to compensate the victim, whereas forfeiture acts to punish the wrongdoer"). Accordingly, the Court **FINDS** the appropriate amount of the forfeiture money judgment in this case is $3,927,591.66.

### IV.   CONCLUSION

Based on the facts and argument discussed above, the Court **GRANTED** the Government's Motion for a forfeiture of a money judgment in the amount of $3,927,591.66.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
Date: October 16, 2014